FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 8 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01415-BNB

NATHANIEL HAMPTON,

    Plaintiff,

v.

OFFICER EVANS,
OFFICER NELSON,
OFFICER CHERRY,
CITY OF COLORADO SPRINGS, and
OTHER UNKNOWN POLICE OFFICERS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Nathaniel Hampton currently is detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Hampton, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Hampton is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hampton will be ordered to file an Amended Complaint.

Mr. Hampton asserts that Defendants violated his constitutional rights when they conducted an illegal warrantless search and planted crack cocaine on the driver's seat of the truck. Plaintiff also asserts that Defendant Evans falsified the police report by

stating that the contact between Plaintiff and Defendants was consensual, that Plaintiff consented to a search of his truck and of himself, that drugs were found on the seat of this truck, and that Plaintiff admitted he sold drugs. Plaintiff further asserts that Defendants had his truck towed, told him it was being placed in evidence, but then sold the truck without notifying him. Mr. Hampton seeks money damages and injunctive relief.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Hampton cannot state a claim for relief against the City of Colorado Springs under § 1983 by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

In the Amended Complaint, Mr. Hampton must state specifically what each named defendant did to violate his constitutional rights and assert how each defendant personal participated in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hampton must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or

failure to supervise. *See **Butler v. City of Norman**,* 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati**,* 475 U.S. 469, 479 (1986); ***McKee v. Heggy**,* 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hampton also is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. Hampton] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents**,* 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Hampton file an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hampton, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if within the time allowed Mr. Hampton fails to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 8th day of July, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-01415-BNB

Nathaniel Hampton
Prisoner No. A00198183
2739 E Las Vegas St
Colorado Springs, CO 80906

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on July 8, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk