IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01415-PAB-CBS

NATHANIEL HAMPTON,
    Plaintiff,
v.

OFFICER EVANS,
OFFICER NELSON,
OFFICER CHERRY,
DETECTIVE GOODWIN,
CITY OF COLORADO SPRINGS, and
OTHER UNKNOWN POLICE OFFICERS,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendants' "Motion to Dismiss" (filed January 20, 2012) (Doc. # 45); and (2) Mr. Hampton's "Motion to Amend" (filed March 2, 2012) (Doc. # 53).  Pursuant to the Order of Reference dated September 19, 2011 (Doc. # 18) and the memoranda dated January 23, 2012 (Doc. # 46) and March 2, 2012 (Doc. # 54), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Hampton's Response (filed March 2, 2012 ) (Doc. # 52), Defendants' Reply (filed March 15, 2012) (Doc. # 57), Defendants' Response (filed March 15, 2012) (Doc. # 56), the pleadings, the entire case file, the proceedings held on January 6, 2012, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Hampton is currently incarcerated at the Trinidad Correctional Facility ("TCF") of the Colorado Department of Corrections ("CDOC") in Trinidad, Colorado.  (*See* Notice of Change of Address (Doc. # 48)).  Mr. Hampton alleges that on July 6, 2010, Defendants arrested him and searched him and his property in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  (*See* Amended Complaint (Doc. # 11)).

> This is an action against the City of Colorado Springs, Colo. & it[ ]s police officers, defendant(s) in which defendant(s) did on 07-06-10, maliciously, willingly, knowingly, with deliberate indifference, reckless disregard, feasance, nonfeasance, misfeasance, malfeasance, conspired to and did conduct an illegal, unreasonable & warrantless entry onto & into the curtilage of Plaintiff's home & once inside, conducted an illegal & unreasonable traffic stop, then illegally seized & searched the Plaintiff, Plaintiff's property & home, strip searched the Plaintiff, planted drugs in Plaintiff's truck, fabricated the police report to show among other things that the Plaintiff had confessed to selling drugs & to make it appear as though the illegal entry, search & seizure of the Plaintiff & his property was consentual [sic] & that there existed probable cause for their actions. Defendant(s) then had Plaintiff's truck towed off of his property, telling the Plaintiff that it was being placed in evidence when, in fact, they simply impounded Plaintiff's truck & sold it at auction.

(*See* Doc. # 11 at 4 of 16).

Mr. Hampton brings his claims pursuant to 42 U.S.C. § 1983, § 1985, and § 1986. (*See* Doc. # 11 at 4 of 16).[1] In his Response, Mr. Hampton states that his allegations also include trespassing and "violations of the State Statutes." (*See* Doc. # 52 at 1 of 16). Mr. Hampton seeks "compensatory, actual, exemplary, punitive, general, incidental, putative, special," and "other money damages" and "a court decision on the truthfulness of the false and misleading testimony of the police probable cause affidavit." (*See* Doc. # 11 at 15 of 16).

II.  Standard of Review

Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Rule 8(a)'s mandate, that plaintiffs 'provide a short and plain statement of the claim showing that the pleader is entitled to relief,' has

---

[1] Plaintiff has since "decided to with-draw his 1985, 1986 and 8th amendment claims . . . ." (*See* Response (Doc. # 52) at 6 of 16).

been incorporated into . . . the . . . 12(b)(6) inquir[y]." *U.S. ex rel Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). The "requirement of plausibility serves . . . to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Because Mr. Hampton appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.     Analysis

Mr. Hampton brings his claims pursuant to 42 U.S.C. § 1983. (*See* Doc. # 11 at 4 of 16). Section 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970). Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). "In order to successfully state a cause of action under section 1983, [Mr. Hampton] must allege . . . the deprivation of a federal right and that the alleged action was taken under color of state law." *Southern Disposal, Inc. v. Texas*

*Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) (internal quotation marks and citation omitted).

A.    Mr. Hampton's Fifth Amendment Claims

To the extent that Mr. Hampton alleges violation of his Fifth Amendment rights, the Due Process Clause of the Fifth Amendment protects against due process violations by the federal government. *See Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth Amendment applies to and restricts only the Federal Government and not private persons). *See also United States v. Balsys*, 524 U.S. 666, 700 (1998) (Stevens, J., concurring) ("Th [e] [Fifth Amendment] constrains the power of the Federal Government to deprive any person 'of life, liberty, or property, without due process of law,' just as the Fourteenth Amendment imposes comparable constraints on the power of the States."). Mr. Hampton alleges that "[t]his is an action against the City of Colorado Springs and its police officers, . . ." (*See* Amended Complaint (Doc. # 11) at 4 of 16). For purposes of a Fifth Amendment claim, Mr. Hampton has not identified a federal official or entity as a defendant; thus, Mr. Hampton has mistakenly identified the Fifth Amendment as a source of applicable law. Mr. Hampton's claims pursuant to the Fifth Amendment are properly dismissed.

B.    Mr. Hampton's Fourth Amendment Claims

The Fourth Amendment to the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, paper, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.[2] To the extent that Mr. Hampton alleges an unlawful warrantless arrest, he must demonstrate that his Fourth

---

[2] The protections of the Fourth Amendment are made applicable to the states through the Fourteenth Amendment. *Pierce v. Ohio Dept. of Rehabilitation and Corrections*, 284 F. Supp. 2d 811, 828 n. 16 (N.D. Ohio 2003).

Amendment right to be free from unreasonable search and seizure has been violated. *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996). *See also Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002) ("Claims arising from investigations for law-enforcement purposes, including a § 1983 claim premised on a person's arrest, are to be judged by the standards of the Fourth Amendment.") (citations omitted).

Defendants argue that Mr. Hampton's Claims One through Four are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "In *Heck*, the Supreme Court addressed the question of whether a state prisoner could challenge the constitutionality of his state court conviction in a §1983 suit for damages." *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999). The Supreme Court held that

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Martinez*, 184 F.3d at 1125 (quoting *Heck*, 512 U.S. at 486-87). "The Court then provided an example of 'other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.'" *Id.*

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he had been convicted. . . . [Thus] the § 1983 action will not lie.

*Heck*, 512 U.S. at 486-87 n. 6. "Under *Heck*, a plaintiff cannot assert a § 1983 claim that, if successful, would necessarily imply the invalidity of a previous conviction or sentence, unless the plaintiff can demonstrate favorable termination of the prior conviction or sentence." *Johnson v. Pottawotomie Tribal Police Dept.*, No. 10-3242, 411 F. App'x 195, 198 (10th Cir.

Feb. 9, 2011).[3]

Underlying Mr. Hampton's Claims One through Four are the allegations that he was subject to an illegal arrest and search. Mr. Hampton argues that his arrest, the search of his person, and the search of his property were unreasonable, and that probable cause was based on false statements and a false affidavit. (*See* Response (Doc. # 52) at 3 of 16). As a result of the arrest and search, Mr. Hampton was charged with one count of "Distribution of a Controlled Substance - Schedule II- Second Offense" and "Possession with Intent to [Manufacture] [Distribute] a Controlled Substance - Schedule II . . ." (*See* Response (Doc. # 52) at 15-16 of 16). Mr. Hampton alleges that cash and "3 rocks of crack cocain[e]" were recovered from the search of his person. (*See* Doc. # 11 at 7 of 18). Mr. Hampton pled guilty to distribution of a controlled substance in violation of Colo. Rev. Stat. §§ 18-18-405(1), (2)(a)(I)(B), a class 2 felony. (*See* Exhibit A to Defendants' Motion (Doc. # 45-1).[4] Mr. Hampton concedes that, in the course of his guilty plea, he "in open court confessed to distribution of drugs." (*See* Doc. # 52 at 5 of 16). Mr. Hampton does not allege that his conviction has been reversed, expunged, or declared invalid in any way.

The court concludes that Mr. Hampton's claims for unlawful search and seizure "would necessarily imply the invalidity" of his conviction and are thus barred by *Heck.* Mr. Hampton claims that Defendant Evans "violated Plaintiff's 4th Amend[ment] right by placing false, fabricated & misleading statements in his police report in an attempt to show & support probable cause for an arrest warrant." (*See* Doc. # 11 at 5-6 of 16; Doc. # 52 at 10-11 of 16). Mr. Hampton claims that Defendant Goodwin submitted "a false, fabricated & misleading affidavit in support of the charges being filed on the Plaintiff, his arrest & continued

---

[3] Copies of unpublished cases are attached to this Recommendation.

[4] Defendants have attached to their Motion a certified copy of Mr. Hampton's judgment of conviction and sentence resulting from the July 6, 2010 date of offense. While a court generally must convert a motion to dismiss to one for summary judgment when the court considers "matters outside the pleadings," Fed. R. Civ. P. 12(d), a court may take judicial notice of facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (internal quotation marks omitted).

incarceration . . . ." (*See* Doc. # 11 at 11 of 16; doc. # 52 at 2 of 16).  Mr. Hampton seeks "a court decision on the truthfulness of the false and misleading testimony of the police probable cause affidavit." (See Doc. # 11 at 15 of 16).  Mr. Hampton's claims are barred by *Heck* because the factual basis for the claims is that the officers intentionally used false information that subsequently caused his arrest and conviction for distribution of a controlled substance.  *See Johnson*, 411 F. App'x at 199 (contention that probable cause for arrest, search, and seizure was unlawfully established necessarily implied conviction was invalid).

Mr. Hampton claims that Defendant Nelson "conducted an unreasonable seizure of the Plaintiff's property & the Plaintiff, . . . conducted an illegal and unreasonable search of the Plaintiff, . . . fabricated evidence, . . . handcuffed and illegally arrested Plaintiff, . . . conducted an illegal and unreasonable search of Plaintiffs' home," and "fabricated his probable cause affidavit."  (*See* Doc. # 11 at 7-8 of 16; Doc. # 52 at 12-13 of 16).  Mr. Hampton claims that Defendant Cherry "made a warrantless & unreasonable entr[a]nce into & onto the curtilage of Plaintiff's home," assisted "in conducting a warrantless unreasonable & illegal search" of his person, "conducted a warrantless, unreasonable & illegal arrest of the Plaintiff, and fabricated his police report.  (*See* Doc. # 11 at 9-10 of 16).  Mr. Hampton's conviction was based on evidence that was recovered from his arrest and the searches of his person and property.  Mr. Hampton conceded at the Status Conference held on January 6, 2012 that his conviction and incarceration resulted from the arrest and searches on July 6, 2010.  Mr. Hampton's claims are barred by *Heck* because he alleges that the officers illegally obtained evidence that subsequently caused his arrest and conviction.  Success on these claims necessarily implies that Mr. Hampton was convicted based on knowingly falsified information and thus that his conviction is invalid.  *See Johnson*, 411 F. App'x at 199 ("to recognize . . . that the arrest, search, and seizure violated Johnson's constitutional rights – would necessarily imply the invalidity" of his sentence); *Vaughn v. Watt*, No. 10-cv-02213-BNB, 2010 WL 4595703, at * 2 (D. Colo. Nov. 5, 2010) ("A judgment in favor of Mr. Vaughn's claim that Defendants violated his constitutional rights, when they conducted a search of his

vehicle, necessarily would imply the invalidity of his state court criminal proceeding."). As Mr. Hampton does not allege that his conviction has been invalidated, Claims One through Four are not cognizable under §1983.

C. Mr. Hampton's Fourteenth Amendment Claims

The Due Process Clause of the "Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.' " *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting the Due Process Clause of the U.S. Const. amend. XIV, sec. 1). "The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citation omitted).

Mr. Hampton does not identify whether the alleged due process violation involves substantive or procedural due process rights. To demonstrate a procedural due process violation, a plaintiff must allege "(1) a constitutionally protected interest in life, liberty or property, (2) governmental deprivation of that interest, and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson County v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993). Substantive due process on the other hand, protects "fundamental rights," which are rights contemplated by the Constitution as "implicit in the concept of ordered liberty." *McKinney*, 20 F.3d at 1556.

To the extent that Mr. Hampton alleges a claim under the Due Process Clause of the Fourteenth Amendment, this clause does not provide him with a remedy for his claims arising out of his arrest, the searches of his person and property, and his subsequent conviction. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (where a plaintiff's rights are protected by

a specific provision of the Constitution, such as the Fourth Amendment, then a Fourteenth Amendment claim for substantive due process cannot be brought). Claims involving arrests and other "seizures" are governed by the Fourth Amendment, which secures the right against unreasonable seizures, and not the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotation marks and citation omitted).

The court has determined, *supra.*, that Mr. Hampton fails to state a claim for which relief can be granted under the Fourth Amendment. Mr. Hampton has not alleged how his due process rights are different from his Fourth Amendment rights. Mr. Hampton alleges the same facts in support of his Fourth and Fourteenth Amendment claims. (*See* Doc. # 11 at 5-12 of 16). The deprivations which Mr. Hampton alleges arising out of his arrest and the searches of his person and property are protected under the Fourth Amendment and are thus properly analyzed under the reasonableness standard of the Fourth Amendment, rather than the Fourteenth Amendment. *See, e.g., Becker v. Kroll*, 494 F.3d 904, 918 (10th Cir. 2007) ("[N]o § 1983 claim will arise from filing criminal charges without probable cause under the substantive due process protections of the Fourteenth Amendment.") (citing *Albright v. Oliver*, 510 U.S. 266 (1994)); *Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002) ("Claims arising from investigations for law-enforcement purposes, including a § 1983 claim premised on a person's arrest, are to be judged by the standards of the Fourth Amendment.") (citations omitted). To the extent that Mr. Hampton alleges violation of his Fourteenth Amendment due process rights based on his arrest, the searches of his person and property, and his subsequent conviction, his claim is properly dismissed for failure to state a claim upon which relief can be granted.

D.   Qualified Immunity

Defendants in their individual capacities raise the defense of qualified immunity to Mr. Hampton's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (internal quotation marks and citation omitted). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

As the court has concluded in this Recommendation that Mr. Hampton fails to state any constitutional violation in Claims One through Four, the court need not reach the "clearly established" prong of qualified immunity to conclude that dismissal is correctly granted in favor of the individual Defendants. *See Wilder*, 490 F.3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right). Where no Fourth Amendment violation occurred, "the inquiry ends and the officer is entitled to qualified immunity." *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

E.   Mr. Hampton's Claim Five against the City of Colorado Springs

Mr. Hampton sues the City of Colorado Springs ("City") for violation of § 1983. Mr. Hampton alleges that the City towed his vehicle from his property, impounded it as evidence, and later sold it at auction. (*See* Doc. # 11 at 12 of 16; *see also* Doc. # 66 at 3 of 3). Mr. Hampton alleges that the City's policy, practice and procedure of sending notice of a pending sale at auction to the address of the vehicle's owner which is listed on the vehicle registration

did not afford him adequate notice of the sale to satisfy due process. (*See id.*). Mr. Hampton alleges that the City followed its policy of notifying the registered owner of the vehicle, however, "[t]he Notice procedure did not go far enough to satisfy the 'NOTICE' requirement of the due process clause . . . ." (*See id.*).

"[T]he Due Process Clause provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 542 (quotation omitted). *See also United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993) (determining that individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard"). "To determine whether a plaintiff was denied procedural due process, we engage in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Schulz v. City of Longmont, Colorado*, 465 F.3d 433, 443 (10th Cir. 2006) (internal quotation marks and citation omitted). "[A]n opportunity for a hearing provides due process only if preceded by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *McKee v. Heggy*, 703 F.2d 479, 481 (10th Cir. 1983) (internal quotation marks and citation omitted).

Section 1983 does not provide for liability against a municipality under a theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom. See *id.* at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). "[I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a

municipal policy or custom that caused the plaintiff's injury." *Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (internal quotation marks and citations omitted).  "Locating a policy ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04.

The City's Code, Article 25, provides for impoundment of a vehicle where "[t]he driver of the vehicle is taken into custody by the Police Department and the vehicle would be left unattended" or "[t]he driver of any vehicle is taken into custody for a suspected felony or misdemeanor, or when the vehicle is suspected of containing stolen goods or other contraband." § 10.25.101 E., N.  Mr. Hampton alleges that he was denied a meaningful post-deprivation remedy because notice of the pending sale of his vehicle was delivered to "the address associated with the tags on the vehicle" rather than to his temporary address at the jail.  (*See* Doc. # 11 at 12 of 16).  The Code provides for notice of impoundment:

> A. Except as provided in subsection D of this section, whenever a vehicle is towed and impounded by the Police Department pursuant to the provisions of this chapter, the Police Department shall notify the registered owner, if the registered owner can be ascertained, of the impoundment of the vehicle and of the owner's opportunity to request a hearing to determine the validity of the impoundment.
>
> B. The notice shall be sent by regular mail to or shall be personally served on the registered owner within seventy two (72) hours of impoundment, excluding weekends and holidays, and shall include the following information:
>
>> 1. The location of storage of the motor vehicle;
>> 2. The location from which the motor vehicle was towed;
>> 3. The manner in which the vehicle may be reclaimed;
>> 4. The reason for which the motor vehicle was towed and impounded;
>> 5. A description of the motor vehicle, which shall include, if available, the make, model, license plate number, and vehicle identification number;
>> 6. That, unless claimed within thirty (30) calendar days from the date appearing on the notice, the motor vehicle is subject to sale; and
>> 7. That the registered owner has the right to a hearing concerning the validity of the impoundment, and that the registered owner must request a hearing in writing at the Colorado Springs Municipal Court within ten (10) days from the postmark on the notice.

(Sept. 13, 2011).

The Supreme Court "consistently has held that some form of hearing is required

before an individual is finally deprived of a property interest." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* (internal quotation marks and citation omitted). "[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. "The Constitution does not require perfection at every stage of a process." *Alvin v. Suzuki*, 227 F.3d 107, 119 (3d Cir. 2000).

      Mr. Hampton's allegations do not state a claim that the City's notice policy inflicted a constitutional deprivation. The City Code itself gives citizens sufficient notice that impoundment of motor vehicles will occur under specific circumstances as well as notice of their rights and opportunity to be heard should their motor vehicles be impounded. Persons owning property within a state are charged with knowledge of relevant statutory provisions affecting the control or disposition of that property. *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982). To afford notice, a legislature "need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Id.* The notice also lists the owner's rights. The court concludes that notice delivered to the registered owner's address of record is reasonably calculated under the circumstances to apprise the owner that his or her vehicle has been impounded and is constitutionally adequate. *See, e.g., Breath v. Cronvich*, 729 F.2d 1006, 1010-11 (5th Cir. 1984) (notice was sufficient where sheriff's office attempted to contact the registered owner by phone on the day the vehicle was towed, where in only some cases, a notice was mailed to the registered owner, and where the vehicle owner could be informed of the tow by the sheriff's office if he called to report his vehicle missing or stolen).

Mr. Hampton's claim for violation of his due process rights is properly dismissed for failure to state a claim upon which relief can be granted because he has not alleged that an adequate postdeprivation remedy was unavailable to him. The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) ("Even assuming the continued retention of plaintiffs' personal property is wrongful, no procedural due process violation has occurred 'if a meaningful [post-deprivation] remedy for the loss is available.' ") (internal quotation marks and citation omitted). The City Code provides such a remedy,

F. Mr. Hampton's Motion to Amend his Amended Complaint

After Defendants filed their Motion to Dismiss, Mr. Hampton moved to amend his Amended Complaint. Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (internal quotation marks and citation omitted). "The broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). The requirement that leave to amend be given freely does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc.*, 964 F.2d at 1028. *See also Lind v. Aetna Health, Inc.*, 466

F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Mr. Hampton seeks to amend Claim Five of the Amended Complaint to "include[ ] the additional allegations of deliberate indifference and failure to train against the City of Colorado Springs. . . ." (*See* Doc. # 53). The court concludes that because Mr. Hampton's proposed amended Claim Five fails to state a claim, his Motion to Amend is properly denied as futile.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "[T]o establish liability on a failure to train claim under § 1983, plaintiffs 'must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.' " *Giles v. Davis*, 427 F.3d 197, 207 n. 7 (3d Cir. 2005) (quoting *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Thus, in order to succeed on such a claim, it must be proven that "the training deficiency actually caused the injury." *Reitz*, 125 F.3d at 145 (citing *City of Canton*, 489 U.S.

at 391).

Mr. Hampton's proposed amendment is devoid of any factual averments that suggest specific deficiencies in the training of any City employees or officers. Moreover, the alleged failure to train must be with deliberate indifference to the rights of the plaintiff. *City of Canton*, 489 U.S. at 388. *See also Carr v. Castle*, 337 F.3d 1221, 1229 (10th Cir. 2003) ("The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."); *Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997) ("a plaintiff who seeks to establish municipal liability . . . must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences.") (internal quotation marks and citation omitted); *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188-89 (10th Cir. 2010) ("municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused") (internal quotation marks and citations omitted). Other than a conclusory allegation of deliberate indifference, Mr. Hampton has not alleged any facts that would establish deliberately indifferent conduct. *See City of Canton*, 489 U.S. at 390-91 (mere conclusory allegation that officer is unsatisfactorily trained will not "suffice to fasten liability on the city."); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996) ("[C]onclusory allegations are not sufficient to state a constitutional violation.") (citation omitted); *Martin v. Dist. of Columbia*, 720 F. Supp.2d 19, 23 (D.D.C. 2010) (granting city's motion to dismiss § 1983 claim based on inadequate training when allegations did "nothing more than recite the required causal elements of custom or policy liability based on deliberate indifference" and plaintiff's "conclusory statements" were "unsupported by additional factual allegations"); *Jones v. Natesha*, 151 F. Supp.2d 938, 944–45 (N.D. Ill. 2001) ("It is not enough for a plaintiff to aver a single, conclusory allegation that the defendants' conduct was deliberately indifferent to the

plaintiff's constitutional rights.") (internal quotation marks and citation omitted).  Because Mr. Hampton's allegations are insufficient to state a claim against the City under § 1983, his Motion to Amend is properly denied as futile.

G.    State Law Claims

Mr. Hampton argues that Defendants failed to address in their Motion his allegations of "violations of trespassing" and "violations of State Statutes . . . ."  (*See* Doc. # 52 at 1 of 16; *see also* Doc. # 11 at 5 of 16, ¶ 1 (alleging violation of "Art. II, § 7, § 15, § 25 of the Colo. Bill of Rights & the Colo. Const. & § 16-3-102 & 103, § 16-3-405, CRS.")).  First, "section 1983 does not provide a cause of action to enforce the Colorado Constitution. . . ." *Rueb v. Zavaras*, No. 09-cv-02817-REB-MEH, 2011 WL 839320, at ** 4-5 (D. Colo. Mar. 7, 2011).  Thus, Mr. Hampton has no implied right of action to bring such state constitutional claims and they must be dismissed without prejudice for lack of subject matter jurisdiction.  *Id.*  Second, criminal statutes do not provide a private right of action and are not enforceable by individuals through a civil action.  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007).  Because Mr. Hampton is barred from bringing claims pursuant to the cited Colorado criminal statutes, any claim with respect to the alleged violation of these statutes is properly dismissed for failing to state a claim upon which relief may be granted.  *See Wolf v. Petrock*, 382 F. App'x 674, 677 (10th Cir. 2010) (affirming the dismissal of a civil claim pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff attempted to bring the action under criminal statutes).

Third, the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. §§ 24-10-101 *et seq.*, bars any claim against a public entity or a public employee for injuries that lie in tort or could lie in tort, except in certain limited circumstances.  *See* Colo. Rev. Stat. § 24-10-105, § 24-10-106(1) ("A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section").  A

claim of trespass in Colorado lies in tort.  *Sanderson v. Health Mesa Homeowners Ass'n*, 183 P.3d 679, 682 (Colo. App. 2003) (setting forth elements of the tort of trespass).  The enumerated exceptions to the CGIA do not include the tort of trespass and, therefore, immunity has not been waived.  Mr. Hampton claims for trespass and violations of state statutes are properly dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

H. Defendants "Other Unknown Police Officer(s)"

As to the unnamed Defendants, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit.  *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984);  *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982).  To the contrary, the Federal Rules provide that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  The title of the complaint must name all the parties; . . ." Fed. R. Civ. P. 10(a). Anonymous parties are not permitted by the Federal Rules and Mr. Hampton has not identified them.  For this reason, and based upon Mr. Hampton's failure to state any claim for which relief can be granted under § 1983, Defendants "Other Unknown Police Officer(s)" are properly dismissed from this civil action.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' "Motion to Dismiss" (filed January 20, 2012) (Doc. # 45) be GRANTED.  Mr. Hampton withdrew his claims for violation of 42 U.S.C. § 1985, § 1986, and the Eighth Amendment.  Mr. Hampton's claims pursuant to 42 U.S.C. § 1983 for violation of his Fifth and Fourteenth Amendment rights fail to state a claim upon which relief can be granted.  Mr. Hampton's Claims One through Four are barred by *Heck v. Humphrey* and the individual Defendants are entitled to qualified immunity.[5]  Mr. Hampton's Claim Five fails to

---

[5] "When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice."  *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

state a claim upon which relief can be granted against the City.

2. Mr. Hampton's "Motion to Amend" (filed March 2, 2012) (Doc. # 53) be DENIED.

3. This civil action be dismissed in its entirety.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of May, 2012.

BY THE COURT:

   s/ Craig B. Shaffer     
United States Magistrate Judge