IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01415-PAB-CBS

NATHANIEL HAMPTON,
    Plaintiff,
v.

OFFICER EVANS,
OFFICER NELSON,
OFFICER CHERRY,
DETECTIVE GOODWIN,
CITY OF COLORADO SPRINGS, and
OTHER UNKNOWN POLICE OFFICERS,
    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff's "Motion to Amend" (filed July 5, 2012) (Doc. # 81). Pursuant to the Order of Reference dated September 19, 2011 (Doc. # 18) and the memorandum dated July 6, 2012 (Doc. # 82), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the proposed amended pleading, the original pleading, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Hampton is currently incarcerated at the Delta Correctional Center of the Colorado Department of Corrections ("CDOC") in Delta, Colorado. (*See* Notice of Change of Address (Doc. # 77)). Mr. Hampton alleges in his Amended Complaint that on July 6, 2010, Defendants arrested him and searched him and his property in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (*See* Doc. # 11).

> This is an action against the City of Colorado Springs, Colo. & it[ ]s police officers, defendant(s) in which defendant(s) did on 07-06-10, maliciously, willingly, knowingly, with deliberate indifference, reckless disregard, feasance, nonfeasance, misfeasance, malfeasance, conspired to and did conduct an illegal, unreasonable & warrantless entry onto & into the curtilage of Plaintiff's

> home & once inside, conducted an illegal & unreasonable traffic stop, then illegally seized & searched the Plaintiff, Plaintiff's property & home, strip searched the Plaintiff, planted drugs in Plaintiff's truck, fabricated the police report to show among other things that the Plaintiff had confessed to selling drugs & to make it appear as though the illegal entry, search & seizure of the Plaintiff & his property was consental [sic] & that there existed probable cause for their actions. Defendant(s) then had Plaintiff's truck towed off of his property, telling the Plaintiff that it was being placed in evidence when, in fact, they simply impounded Plaintiff's truck & sold it at auction.

(*See* Doc. # 11 at 4 of 16).

Mr. Hampton brought his claims pursuant to 42 U.S.C. § 1983, § 1985, and § 1986. (*See* Doc. # 11 at 4 of 16). He subsequently "decided to with-draw his 1985, 1986 and 8th amendment claims . . . ." (*See* Response (Doc. # 52) at 6 of 16). Mr. Hampton states that his allegations also include trespassing and "violations of the State Statutes." (*See* Doc. # 52 at 1 of 16). Mr. Hampton seeks "compensatory, actual, exemplary, punitive, general, incidental, putative, special," and "other money damages" and "a court decision on the truthfulness of the false and misleading testimony of the police probable cause affidavit." (*See* Doc. # 11 at 15 of 16).

On May 4, 2012, the Magistrate Judge issued a Recommendation that Defendants' "Motion to Dismiss" (filed January 20, 2012) (Doc. # 45) be granted, that Mr. Hampton's "Motion to Amend" (filed March 2, 2012) (Doc. # 53) be denied, and that this civil action be dismissed in its entirety. (*See* Doc. # 69). Mr. Hampton filed his Objections to the Magistrate Judge's Recommendation on May 17, 2012. (*See* Doc. # 71). Mr. Hampton moved on May 24, 2012 to supplement his Objections. (*See* Doc. # 72). Defendants filed their Response to Mr. Hampton's Objections on May 31, 2012. (*See* Doc. # 73). On June 7, 2012, Mr. Hampton moved for additional time to file a reply to Defendants' Response to his Objections. (*See* Doc. # 74). Mr. Hampton moved on June 27, 2012 for additional time to file a reply in support of his Objections. (*See* Doc. # 77). He filed his Reply on July 5, 1012. (*See* Doc. # 80). Also on July 5, 2012, Mr. Hampton filed the instant Motion to Amend his Amended Complaint and a proposed second amended complaint. (*See* Docs. # 81, # 81-1).

Mr. Hampton moves to amend the Amended Complaint to "[a]mend the OTHER

UNKNOWN POLICE OFFICERS to name the CITY OF COLORADO SPRINGS CHIEF OF POLICE Richard Myers as Defendant in his Official capacity;" and amend Claims Three and Five. (*See* Doc. # 81 at 1 of 2; proposed second amended prisoner complaint (Doc. # 81-1 at 2-4 of 4). In his proposed amended Claims Three and Five, Mr. Hampton alleges that Defendant Cherry impounded his truck and that it was later sold under the supervision of Defendant Myers, in violation of the Fourteenth Amendment to the U.S. Constitution. (*See id.*).

II.   Standard of Review

Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). While Fed. R. Civ. P. 15 requires leave to amend be given freely, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to

determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

III.  Analysis

Mr. Hampton's proposed amended Claims Three and Five both allege violation of the Fourteenth Amendment. (*See* Doc. # 81-1 at 3-4 of 4). As explained in the May 4, 2012 Recommendation, the Due Process Clause of the "Fourteenth Amendment provides that no state shall 'deprive any person of life, liberty, or property, without due process of law.' " *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting the Due Process Clause of the U.S. Const. amend. XIV, sec. 1). "The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citation omitted).

Mr. Hampton does not identify whether the alleged due process violation involves substantive or procedural due process rights. To demonstrate a procedural due process violation, a plaintiff must allege "(1) a constitutionally protected interest in life, liberty or property, (2) governmental deprivation of that interest, and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson County v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993). Substantive due process on the other hand, protects "fundamental rights," which are rights contemplated by the Constitution as "implicit in the concept of ordered liberty." *McKinney*, 20 F.3d at 1556.

Mr. Hampton alleges that his vehicle was towed from his property, impounded as evidence, and later sold at auction. "[T]he Due Process Clause provides that certain

substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 542 (quotation omitted). *See also United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993) (determining that individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard"). "To determine whether a plaintiff was denied procedural due process, we engage in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Schulz v. City of Longmont, Colorado*, 465 F.3d 433, 443 (10th Cir. 2006) (internal quotation marks and citation omitted). "[A]n opportunity for a hearing provides due process only if preceded by notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *McKee v. Heggy*, 703 F.2d 479, 481 (10th Cir. 1983) (internal quotation marks and citation omitted).

Colorado Springs' City Code, Article 25, provides for impoundment of a vehicle where "[t]he driver of the vehicle is taken into custody by the Police Department and the vehicle would be left unattended," the driver of the vehicle is driving "while the driver's operator's license . . . has been denied, suspended, cancelled or revoked by the State," or "[t]he driver of any vehicle is taken into custody for a suspected felony or misdemeanor, or when the vehicle is suspected of containing stolen goods or other contraband." § 10.25.101 E., H., N. Mr. Hampton submitted a copy of a notice dated July 6, 2010 regarding his truck. (*See* Doc. # 72 at 3 of 3). The notice describes the reason as "DRIVER SUSPENDED." (*See id.*). The Code, § 10.25.104, provides for notice of impoundment:

> A. Except as provided in subsection D of this section, whenever a vehicle is towed and impounded by the Police Department pursuant to the provisions of this chapter, the Police Department shall notify the registered owner, if the registered owner can be ascertained, of the impoundment of the vehicle and of the owner's opportunity to request a hearing to determine the validity of the impoundment.

> B. The notice shall be sent by regular mail to or shall be personally served on the registered owner within seventy two (72) hours of impoundment, excluding weekends and holidays, and shall include the following information:
>
> 1. The location of storage of the motor vehicle;
> 2. The location from which the motor vehicle was towed;
> 3. The manner in which the vehicle may be reclaimed;
> 4. The reason for which the motor vehicle was towed and impounded;
> 5. A description of the motor vehicle, which shall include, if available, the make, model, license plate number, and vehicle identification number;
> 6. That, unless claimed within thirty (30) calendar days from the date appearing on the notice, the motor vehicle is subject to sale; and
> 7. That the registered owner has the right to a hearing concerning the validity of the impoundment, and that the registered owner must request a hearing in writing at the Colorado Springs Municipal Court within ten (10) days from the postmark on the notice.

Mr. Hampton alleges that he was denied a meaningful post-deprivation remedy because notice of the pending sale of his vehicle was delivered to "the address associated with the tags on the vehicle" rather than to his temporary address at the jail. (*See* Doc. # 11 at 12 of 16). The Supreme Court "consistently has held that some form of hearing is required before an individual is finally deprived of a property interest." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* (internal quotation marks and citation omitted). "The Constitution does not require perfection at every stage of a process." *Alvin v. Suzuki*, 227 F.3d 107, 119 (3d Cir. 2000).

The City Code itself gives citizens sufficient notice that impoundment of motor vehicles will occur under specific circumstances as well as notice of their rights and opportunity to be heard should their motor vehicles be impounded. Persons owning property within a state are charged with knowledge of relevant statutory provisions affecting the control or disposition of that property. *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982). To afford notice, a legislature "need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Id.* The court concludes that notice delivered to the registered owner's address of record is reasonably calculated under the circumstances to apprise the owner that his or her vehicle has been impounded and is constitutionally adequate. *See, e.g., Breath v. Cronvich*, 729 F.2d 1006,

1010-11 (5th Cir. 1984) (notice was sufficient where sheriff's office attempted to contact the registered owner by phone on the day the vehicle was towed, where in only some cases, a notice was mailed to the registered owner, and where the vehicle owner could be informed of the tow by the sheriff's office if he called to report his vehicle missing or stolen).

Mr. Hampton's claim for violation of his due process rights is properly dismissed for failure to state a claim upon which relief can be granted because he has not alleged that an adequate postdeprivation remedy was unavailable to him. (*See, e.g.,* Doc. # 81-1 at 3 of 4 (alleging no "pre-deprivation hearing")). The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  *See Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) ("Even assuming the continued retention of plaintiffs' personal property is wrongful, no procedural due process violation has occurred 'if a meaningful [post-deprivation] remedy for the loss is available.' ") (internal quotation marks and citation omitted). The City Code provides such a remedy. Mr. Hampton's proposed amended Claim Three does not alter the court's analysis and Recommendation filed on May 4, 2012.

In his proposed amended Claim Five, Mr. Hampton alleges that, "under the supervision, training and authority of the Police Chief," Chief Myers, he was not adequately "notified of the sale of his vehicle as provided by the City Code Article 25, (B), . . ." (*See* Doc. # 81-1 at 4 of 4). First, as the court concludes that Mr. Hampton has not stated a claim for violation of his Fourteenth Amendment due process rights, his claim against Chief Myers must necessarily also fail.

Second, to the extent that Mr. Hampton seeks to sue Chief Myers in his official capacity, suits against city officials in their official capacities are treated as suits against the city. *See Varela v. Jones*, 746 F.2d 1413, 1418 (10th Cir. 1984). Section 1983 does not provide for liability against a municipality under a theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's

policy or custom. See *id.* at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). *See also Bryan County v. Brown*, 520 U.S. 397, 403 (1997) ("[I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal policy or custom that caused the plaintiff's injury.") (internal quotation marks and citations omitted). "Locating a policy ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04.

Mr. Hampton seeks to hold Chief Myers liable merely because he is the "leader of the police force charged with and required to perform all police duty and or determines who d[oes] what duty and the supervision of the performance of the duty." (*See* Doc. # 81-1 at 2 of 4). Mr. Hampton's proposed Claim Five "would violate the established principles that there is no concept of strict supervisor liability under § 1983 and that § 1983 does not create a *respondeat superior* cause of action against government officials or municipalities." *Brown v. Whitman*, 651 F. Supp. 2d 1216, 1233 (D. Colo. 2009) (internal quotation marks and citations omitted). Further, Mr. Hampton's proposed amended Claim Three does not alter the court's analysis and Recommendation, filed on May 4, 2012, that Mr. Hampton fails to state a claim upon which relief can be granted for municipal liability.

IV.     Conclusion

As the court concludes that Mr. Hampton's proposed second amended prisoner complaint fails to state a claim, his Motion to Amend is properly denied as futile. Accordingly, IT IS RECOMMENDED that Plaintiff's "Motion to Amend" (filed July 5, 2012) (Doc. # 81) be DENIED.[1]

---

[1] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000) (suggesting that an order denying a motion to amend may be dispositive for purposes of Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) if the order effectively removes a claim or defense

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 9th day of July, 2012.

BY THE COURT:

---

from the action).

                                              s/ Craig B. Shaffer
                                      United States Magistrate Judge