IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01415-PAB-CBS

NATHANIEL HAMPTON,

    Plaintiff,

v.

OFFICER EVANS,
OFFICER NELSON,
OFFICER CHERRY,
DETECTIVE GOODWIN,
CITY OF COLORADO SPRINGS, and
OTHER UNKNOWN POLICE OFFICERS,

    Defendants.

**ORDER**

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 69]. The magistrate judge recommends that the Court grant defendants' motion to dismiss [Docket No. 45], deny plaintiff's motion to amend his complaint [Docket No. 53], and dismiss this action in its entirety. Plaintiff filed timely objections on May 17, 2012 [Docket No. 71] and an untimely supplement to those objections on May 24, 2012 [Docket No. 72]. The Court will consider both filings and will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).[1]

Plaintiff's amended complaint [Docket No. 11] asserts a number of constitutional claims pursuant to 42 U.S.C. § 1983 arising from his arrest outside his home and searches of his person and home, as well as the resulting impoundment and sale of his truck. As an initial matter, plaintiff asserts no objection to the magistrate judge's conclusion that plaintiff may not assert a due process claim pursuant to the Fifth Amendment against state, rather than federal, actors. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In regard to the magistrate judge's recommendation on plaintiff's Fifth Amendment claim, the Court has satisfied itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see Parnisi v. Colorado State Hosp.*, 992 F.2d 1223 (Table), 1993 WL 118860, at *1 (10th Cir. April 15, 1993) ("State actors are subject to the due process clause of the Fourteenth Amendment, not

---

[1] Plaintiff filed objections [Docket No. 44] to the magistrate judge's order [Docket No. 42] striking defendants' first motion to dismiss [Docket No. 30] and granting defendants leave to file another motion to dismiss. The Court identifies nothing about the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court, therefore, will overrule plaintiff's objections.

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

the Fifth Amendment."). Plaintiff also failed to object to the magistrate judge's recommendation that his state law claims be dismissed, and the Court identifies "no clear error" in that regard. Furthermore, plaintiff has withdrawn his § 1985, § 1986, and Eighth Amendment claims. See Docket No. 52 at 6.

Turning to plaintiff's Fourth Amendment claims, each is asserted against a different individual defendant.[3] As the Recommendation points out, "Mr. Hampton argues that his arrest, the search of his person, and the search of his property were unreasonable, and that probable cause was based on false statements and a false affidavit." Docket No. 69 at 6. Subsequent to these searches and his arrest, plaintiff pled guilty to a felony count of distributing a controlled substance. The magistrate judge therefore concluded that plaintiff's Fourth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court provided that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Plaintiff does not allege that his conviction or sentence have been invalidated.

The question then becomes whether a civil judgment in plaintiff's favor on the

---

[3]To the extent plaintiff seeks to sue the defendants in their official capacities, his Fourth Amendment claims are treated as if they are asserted against the City of Colorado Springs. See *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Plaintiff does not "identify a municipal custom or policy maintained by [Colorado Springs] that contributed to the constitutional deprivation []he suffered, and identify the means by which that policy caused the deprivation." *Granato v. City and County of Denver*, No. 11-cv-00304-MSK-BNB, 2011 WL 3820730, at *9 (D. Colo. Aug. 30, 2011).

3

Fourth Amendment claims would "imply the invalidity of his conviction or sentence." *Id*. The Court agrees with the Recommendation that the claims based on plaintiff's allegations of illegal arrest, fabrication of evidence, and warrantless searches of his home are barred by *Heck*.

Plaintiff also alleges that he was subjected to an unreasonable public strip search in violation of the Fourth Amendment. "[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery . . . and especially harmless error . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." *Heck*, 512 U.S. at 487 n.7 (emphasis in original). As pled, plaintiff's claim would not call into question whether he could be searched at all, but rather the manner in which the search was conducted. *See Burke v. Township of Cheltenham*, 742 F. Supp. 2d 660, 670 (E.D. Pa. 2010) ("Since Burke's claim that the strip searches were unreasonable will . . . focus on the circumstances under which they occurred, and not his ultimate culpability for an offense, he may contend that the searches were unreasonable without claiming that his later conviction was invalid. Consequently, *Heck* does not foreclose Burke's claim under Count I that he was unlawfully strip searched."); *see also Campbell v. City of New York*, 2010 WL 2720589, at *7 (S.D.N.Y. June 30, 2010). Consequently, plaintiff's strip search claim is not barred by *Heck*.

Defendants also argue that plaintiff failed to allege sufficiently specific facts in

support of his Fourth Amendment claims.  In regard to plaintiff's strip search contention, however, the Court finds that the complaint adequately describes the basis for his claim.  *See, e.g.*, Docket No. 11 at 5 (alleging that officers removed his pants in front of his home to search for drugs).  Moreover, although the Recommendation stated that defendants asserted the qualified immunity defense, the Court finds no reference to that doctrine in their motion to dismiss.  In any event, the "Tenth Circuit has held that a strip search must be conducted in private unless there exists a rational security basis for conducting the search in a public place." *United States v. Broadway*, 580 F. Supp. 2d 1179, 1185 (D. Colo. 2008) (citing *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002); *Hill v. Bogans*, 735 F.2d 391, 394 (10th Cir. 1984)).  The Court cannot glean from the complaint's allegations any law enforcement related basis for conducting a public strip search.  The Court, therefore, will permit plaintiff to proceed with his Fourth Amendment claim relating to the alleged strip search.

Plaintiff's fifth claim asserts a due process claim pursuant to the Fourteenth Amendment against the City of Colorado Springs relating to the impoundment and later sale of his truck.  Before a municipality may deprive an individual of his property, due process requires that it provide him with "notice and opportunity for hearing appropriate to the nature of the case."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).  Such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314.  Here, plaintiff alleges that the City has a procedure whereby it mails a notice regarding a pending vehicle sale to the

address associated with the vehicle's registration even where, such as here, the intended recipient is being detained in the City's jail. Plaintiff contends that this procedure results in inadequate notice.

The Recommendation concluded that the mailing procedure here was reasonably calculated to provide notice. It further cited authority for the proposition that the publication of the City code provision describing how notice shall be provided was independently sufficient to provide plaintiff notice. Even assuming that were the case,[4] and that the Code could be read as providing notice of an available means of retrieving seized property, plaintiff alleges that he was told that his truck had been taken into evidence, not that it had been impounded.[5]  *See Gates v. City of Chicago*, 623 F.3d 389, 401 (7th Cir. 2010) ("Although the City was not obliged to inform arrestees about publicly published state law remedies, the City may not mislead arrestees about the necessary procedures for the return of their money or lull them into passively waiting for official notification."). The City, therefore, was required to take steps to notify plaintiff that his property had been impounded and was scheduled to be sold.

The Court agrees with plaintiff that the City's procedure was not reasonably

---

[4] *See Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 489-90 (1988) (holding that notice via publication is inadequate where the identities of creditors with an interest in the property at issue are known or reasonably ascertainable).

[5] The City code provision governing how notice should be provided regarding impoundment, *see generally* Colo. Springs Code § 10.25.104, specifically excludes property taken into evidence. *See id.* at § 10.25.104D ("The notice and hearing requirements of subsection A of this section and subsection 10.25.105A of this article shall not be applicable as to any vehicle which is towed, impounded and held pursuant to order of a law enforcement agency for evidentiary purposes relating to any criminal case which is under investigation or pending in a court of competent jurisdiction.").

calculated to provide notice to plaintiff.  In *Robinson v. Hanrahan*, 409 U.S. 38 (1972), the Supreme Court concluded under similar circumstances that

> the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings.

*Id.* at 40.  Moreover, plaintiff has since learned that the notice was sent, contrary to the City procedures, by certified mail and was returned as "undeliverable."[6]  *See Gates*, 623 F.3d at 403 ("Given that the City knows that some arrestees will be in jail when the . . . notice is mailed, we are reluctant to find as a matter of law that notice mailed to the home of the arrestee satisfies the *Mullane* standard, especially in cases where the notice is returned as undelivered.").  In light of these allegations, the Court concludes that plaintiff's due process claims survives defendants' motion to dismiss.

Plaintiff has since made requests to amend his complaint.  In light of the additional information plaintiff has received and his withdrawal of certain claims, the Court will permit plaintiff to file an amended complaint thirty days from entry of this order.  That complaint may contain Fourth Amendment claims relating to the strip search and a due process claim against the City of Colorado Springs relating to the sale of his truck.  Plaintiff is also reminded that, when determining the proper defendants, claims against individuals acting in their official capacities are generally treated as suits

---

[6] Plaintiff notes the effect of the notice having been sent by certified mail in his May 17, 2012 objection: "Plaintiff's friends Dave and Kay live at 218 E. Fountain Blvd. . . . . If a notice would have been sent by regular mail, it would have been left in the mail box and the Plaintiff would have gotten the notice.  And the notice would not have been returned as 'undeliverable.'"  Docket No. 71 at 4 (emphasis omitted).

against the municipality.  *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

For the foregoing reasons, it is

**ORDERED** that plaintiff's objections [Docket No. 44] to the magistrate judge's order [Docket No. 42] striking defendants' first motion to dismiss [Docket No. 30] and granting defendants leave to file another motion to dismiss are OVERRULED.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 69] is ACCEPTED in part and REJECTED in part.  Defendants' motion to dismiss [Docket No. 45] is GRANTED in part and DENIED in part.  It is further

**ORDERED** that, within thirty days of entry of this order, plaintiff may file an amended complaint consistent with the foregoing findings.  It is further

**ORDERED** that plaintiff's motions to amend [Docket Nos. 53, 81] are denied as moot and the Recommendation of United States Magistrate Judge [Docket No. 84] is deemed moot.

DATED September 26, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge