IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01415-PAB-CBS

NATHANIEL HAMPTON,
    Plaintiff,
v.

OFFICER EVANS,
OFFICER NELSON,
OFFICER CHERRY,
CITY OF COLORADO SPRINGS,
EVIDENCE TECHNICIAN REGINA MILLER, and
OTHER UNKNOWN POLICE OFFICERS,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint." Pursuant to the Order of Reference dated September 19, 2011 (Doc. # 18) and the memorandum dated January 14, 2013 (Doc. # 126), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Hampton's Response (filed February 6, 2013 ) (Doc. # 129), Defendants' Reply (filed February 20, 2013) (Doc. # 131), the Fourth Amended Complaint ("FAC"), the entire case file, the proceedings held on January 6, 2012 and November 16, 2012, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Hampton is currently incarcerated at the Delta Correctional Center of the Colorado Department of Corrections ("CDOC") in Delta, Colorado. (*See* Notice of Change of Address (Doc. # 77)). On September 26, 2012, District Judge Brimmer permitted Mr. Hampton to file a fourth amended pleading "that may contain Fourth Amendment claims relating to the strip search and a due process claim against the City of Colorado Springs relating to the sale of his truck." (*See* Order (Doc. # 96 at 7 of 8)). District Judge Brimmer reminded Mr. Hampton that "when determining the proper defendants, claims against individuals acting in their official

capacities are generally treated as suits against the municipality." (*See id.* at 7-8 of 8).

In the FAC filed on December 7, 2012, Mr. Hampton alleges pursuant to Title 42 U.S.C. § 1983 that on July 6, 2010, Defendant Evans searched him in violation of his Fourth Amendment rights and Defendants Nelson, Cherry, the City of Colorado Springs ("City"), and Miller impounded his truck and eventually sold it at auction in violation of his Fourteenth Amendment rights. (*See* Doc. # 120 at 5-7, 9, 11 of 15). Mr. Hampton "seeks compensatory, actual, exemplary, punitive, general, incidental, putative, special, damages against each defendant . . . ." (*See id.* at 14 of 15). Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Claims One and Three and Mr. Hampton's request for "exemplary" and "punitive" damages.

II.   Standard of Review

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The court's function on a Rule 12(b)(6) motion

> is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted. In doing so, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. . . A court, however, need not accept conclusory allegations. Generally, [s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. The plausibility standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. However, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. Thus, even though modern rules of pleading are somewhat forgiving, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

*Hull v. Colorado Bd. of Governors of Colorado State University*, 805 F. Supp. 2d 1094, 1102 (D. Colo. 2011) (internal quotation marks and citations omitted).

The court must "read pro se complaints more liberally than those composed by lawyers." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (internal quotation marks and citation omitted). However, "the generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's

2

advocate." *Id.* Although the court does not "hold the pro se plaintiff to the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own cause of action." *Firstenberg*, 696 F.2d at 1024 (internal quotation marks and citations omitted). Thus, the court "may not rewrite a [complaint] to include claims that were never presented." *Id.* (internal quotation marks and citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

A.    Claims One and Three against Defendants Nelson and Cherry

In his September 26, 2012 Order, District Judge Brimmer found that Mr. Hampton had stated a due process claim against the City and granted him leave to amend his pleading to include "a due process claim against the City of Colorado Springs relating to the sale of his truck." (*See* Doc. # 96 at 5-7 of 8). In its Order, the court did not find that Mr. Hampton had stated a due process claim against Defendants Nelson or Cherry or permit an amended pleading to include a due process claim against these Defendants.[1] In his FAC, Mr. Hampton merely reiterates due process claims against Defendants Nelson and Cherry based on the same allegations that he asserted in a previous pleading. (*See* Amended Prisoner Complaint (Doc. # 11); FAC (Doc. # 120) Claims One, Three). As the court did not grant Mr. Hampton leave to file due process claims relating to the sale of his truck against Defendants Nelson and Cherry, Claims One and Three alleging Fourteenth Amendment due process claims against Defendants Nelson and Cherry are properly dismissed.

---

[1]    Mr. Hampton first named Ms. Miller as a Defendant in his FAC.

B.     Claim Five against Defendant Miller[2]

Mr. Hampton alleges Claim Five against Defendant Miller for violation of his Fourteenth Amendment due process rights.  In his Response, Mr. Hampton clarified that he is suing Defendant Miller in her official capacity.  (*See* Doc. # 129 at 2 of 12).  Mr. Hampton alleges that Defendant Miller's conduct in the course of her employment as an evidence technician violated his Fourteenth Amendment due process rights.  Mr. Hampton alleges that "[i]n sending the letter to the plaintiff by registered mail Miller violated the city's own policy and plaintiff's Due process Right by adopting a custom of sending the notice by registered mail [sic]."  (*See* Doc. # 120 at 11 of 15).

Section 1983 does not provide for liability against a municipality under a theory of *respondeat superior.  Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom.  See *id.* at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").  "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Asten v. City of Boulder*, 652 F. Supp. 2d 1188, 1207 (D. Colo. 2009) (citation omitted).  As Mr. Hampton acknowledges, District Judge Brimmer advised him that "claims against individuals acting in their official capacities are generally treated as suits against the municipality."  (*See* Doc. # 29 at 2 of 12;  Doc. # 96 at 7-8 of 8).  Mr. Hampton's claim against Defendant Miller is duplicative and need not be separately stated in addition to his claim against the City for violation of his Fourteenth Amendment due process right.  Further, to the extent that Mr. Hampton alleges that Defendant Miller violated his due process right in her official capacity "by adopting a custom of sending the notice by registered mail," Mr. Hampton has not specifically alleged that Defendant Miller was in a policymaking position.  *See Asten v. City of*

---

[2]    The court has not yet initiated service on Defendant Miller by the U.S. Marshal.

*Boulder*, 652 F. Supp. 2d 1188, 1207 (D. Colo. 2009) ("a municipality cannot be liable under § 1983 for acts of a municipal official in his official capacity unless that official possesses final policymaking authority to establish municipal policy with respect to acts in question."). For these reasons, Claim Five and Defendant Miller are properly dismissed.

C.   Mr. Hampton's Request for "Exemplary" and "Punitive" Damages

Defendants also move to dismiss Mr. Hampton's claim for "exemplary" and "punitive" damages. First, § 1983 bars a punitive damage award against the City. *See Miller v. City of Mission, Kansas*, 705 F.2d 368, 377 (10th Cir. 1983) (" '[A] municipality is immune from punitive damages under 42 U.S.C. § 1983.' ") (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (punitive damages cannot be awarded against a city in a § 1983 action)).

Second, punitive damages are available in a § 1983 action when "the defendant's conduct is shown to be motivated by evil motive or intent, or when if involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). *See also Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) (punitive damages "are to be awarded only when 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.' ") (quoting *Smith*, 461 U.S. at 56). "Punitive damages become a discretionary matter for the jury in a section 1983 action only if the plaintiff makes an adequate threshold showing." *Iacobucci v. Boulter*, 193 F.3d 14, 26–27 (1st Cir. 1999). Other than a rote conclusory allegation that Defendant Evans acted "[m]aliciously, willingly, knowingly, intentionally, with deliberate indifference, reckless disregard, arbitrary, capricious and abuse of discretion," Mr. Hampton does not set forth any specific allegations regarding the conduct of Defendant Evans that can support a claim for punitive damages. The fact that a defendant's actions may have been objectively unconstitutional is not considered when determining whether to award punitive damages. "Simple ignorance of the applicable legal rules, even arrogant ignorance, does not by itself indicate" the level of intent required to

successfully plead a claim for punitive damages. *Lavicky v. Burnett*, 758 F.2d 468, 477 (10th Cir. 1985). "[A]n award of punitive damages requires an assessment of [the defendant's] subjective state of mind." *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989). Mr. Hampton alleges that Defendant Evans searched his person by pulling his pants down and exposing his underwear. (*See* Doc. # 120 at 6 of 15). The allegations of Defendant Evans's conduct do not support the requisite state of mind to support punitive damages. In this fourth iteration of his pleading, Mr. Hampton has not specifically alleged that Defendants Evans acted with an evil intent to harm him or with reckless indifference to potential harm to him. *See Ware v. Gallegos*, No. 07-cv- 01497- PAB-KLM, 2010 WL 749852, at * 5 (D. Colo. Mar. 3, 2010) (accepting Report & Recommendation of United States Magistrate Judge that request for punitive damages be dismissed for failure to claim evil intent or reckless indifference).[3] In his Response, Mr. Hampton does not argue that Defendant Evans acted with an evil motive or reckless indifference. (*See* Doc. # 129 at 10 of 12). As Mr. Hampton fails to allege a specific basis for an award of punitive damages against Defendant Evans, his request for "exemplary" and "punitive" damages may properly be dismissed.

D.     Defendants "Other Unknown Police Officers"

As to the unnamed Defendants, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; . . ." Fed. R. Civ. P. 10(a). Anonymous parties are not permitted by the Federal Rules and Mr. Hampton has not identified them. Defendants "Other Unknown Police Officer(s)" are properly dismissed from this civil action.

---

[3]     Copies of unpublished cases cited are attached to this Recommendation.

Accordingly, IT IS RECOMMENDED that:

1. "Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint" (filed January 14, 2013) (Doc. # 125) be GRANTED.

2. Claims One, Three, and Five and Defendants Nelson, Cherry, Miller, and Other Unknown Police Officers be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3. This case proceed on Claim Two against Defendant Evans for a Fourth Amendment violation based on a strip search conducted in front of Mr. Hampton's home on July 6, 2010, and Claim Four against the City of Colorado Springs for a Fourteenth Amendment violation based on the notice provided to Mr. Hampton prior to the sale of his truck.

4. Mr. Hampton's request for "exemplary" and "punitive" damages against Defendants Evans and the City be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's

recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 16th day of April, 2013.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge