**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 11-cv-01415-RM-CBS

NATHANIEL HAMPTON,

      Plaintiff,

v.

OFFICER EVANS,
OFFICER NELSON,
OFFICER CHERRY,
CITY OF COLORADO SPRINGS,
EVIDENCE TECHNICIAN REGINA MILLER, and
OTHER UNKNOWN POLICE OFFICERS,

      Defendants.

---

## ORDER

---

This matter is before the Court on U.S. Magistrate Craig Shaffer's recommendation ("Recommendation") (ECF No. 134) that this Court grant the Motion to Dismiss Plaintiff's Fourth Amended Complaint filed by the Defendants (ECF No. 125). Plaintiff Nathaniel Hampton ("Plaintiff") has filed timely objections (ECF No. 136) to the Recommendation and an untimely supplement to those objections (ECF No. 141) (together the "Objections"). For the reasons stated below, the Court (1) ADOPTS the Recommendation in part and REJECTS the Recommendation in part; and (2) GRANTS Defendants' motion to dismiss in part and DENIES Defendants' motion to dismiss in part; and (3) SUSTAINS Plaintiff's objections in part and OVERRULES Plaintiff's objections in part.

## I.     LEGAL STANDARD

### A.     Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting his

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection to a recommendation is proper if it is filed timely in accordance with the

Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus

attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United*

*States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S.

140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may

review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for

Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil

Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.     Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a

2

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be

enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge []

[his] claims across the line from conceivable to plausible' in order to survive a motion to

dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of

facts in support of the pleaded claims is insufficient; the complaint must give the court reason to

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

(emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope

of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims

across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has

further noted "that the nature and specificity of the allegations required to state a plausible claim

will vary based on context." *Id*.  (Internal quotation and citation omitted.)  Thus, the Tenth

Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact

pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme

C]ourt stated will not do.'"  *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in a plaintiff's favor.  *Morse v. Regents of the Univ. of Colo.*,

154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226,

1231-32 (10th Cir. 1996) (citations omitted).  However, "when legal conclusions are involved in

the complaint 'the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to [those] conclusions. . . ." *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*,

556 U.S. at 678).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will

disregard conclusory statements and look only to whether the remaining, factual allegations

plausibly suggest the defendant is liable." *Id*.

## II.      FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this 42 U.S.C. § 1983 action on May 27, 2011 seeking to recover from the

City of Colorado Springs (the "City") and several individual employees of the City regarding an

alleged public strip search Plaintiff was subject to in front of his home when he was arrested the

night of July 6, 2010 and the impoundment and eventual sale of Plaintiff's truck.  Specifically,

Plaintiff alleges in his Fourth Amended Complaint (ECF No. 120, the "FAC") that Officer Evans ("Evans") searched Plaintiff in front of his home at the time of his arrest as his neighbors looked on. (ECF No. 120, FAC at 6.)  During that search, Plaintiff alleges that Evans pulled down his pants and underwear exposing Plaintiff's genital and buttocks area. (*Id.*)  Plaintiff also alleges that Officers Cherry and Nelson ("Cherry" and "Nelson") incorrectly informed Plaintiff at the time of his arrest that his truck would be towed from his home and placed into evidence. (*Id.* at 5, 7.)  Instead, Cherry had the truck impounded and it was eventually sold at auction. (*Id.*)  Evidence Technician Regina Miller ("Miller") mailed notice of the auction to Plaintiff's home address via registered mail, which letter was returned undelivered. (*Id.* at 11.)  Plaintiff seems to allege that this notice of non-delivery should have put the City on notice that he did not receive proper notice. (*Id.*)  Plaintiff's FAC states (1) Fourteenth Amendment due process claims against Nelson, Cherry, Miller and the City based on the impoundment and eventual sale of his truck and (2) a Fourth Amendment claim against Evans based on the public strip search.  The FAC also includes a request for punitive damages against all Defendants.  Officers Nelson and Cherry have moved to dismiss the claims against them and all Defendants have moved to have Plaintiff's request for punitive damages dismissed. (ECF No. 125.)  Counsel for Miller did not move to dismiss the FAC, stating that Miller had not yet been properly served. (*Id.* at 2 n.1.)[1]

This case was previously subject to a September 26, 2012 order by U.S. District Judge Philip A. Brimmer (ECF No. 96, the "Previous Order") on a motion to dismiss Plaintiff's previous amended complaint.  The Previous Order granted Plaintiff permission to file an amended complaint containing a Fourth Amendment claim against Evans for the acts described

---

[1] Notwithstanding this, Plaintiff sued Miller in her official capacity and, accordingly, the Magistrate Judge ultimately dismissed Plaintiff's claims against her as redundant in light of the claim against the City.

above and a Fourteenth Amendment claim against the City relating to the sale of Plaintiff's truck. (*Id.* at 7.)

III.    **ANALYSIS**[2]

The Court has reviewed the Recommendation, Plaintiff's objections, Defendants' response to Plaintiff's objections, and all relevant filings, and concludes that Magistrate Judge Shaffer's analysis of the issues as to which no objections were filed was thorough and his ultimate conclusions were correct. Plaintiff did not file an objection with respect to the Magistrate Judge's recommendation to dismiss Defendants Nelson, Miller and Other Unknown Police Officers. (*See generally* ECF No. 136, ECF No. 141.) Because Plaintiff failed to file a timely and specific objection to these aspects of the Recommendation and because the Court finds no clear error in the Magistrate Judge's analysis, the Court adopts the Recommendation with respect to the dismissal of Defendants Nelson, Miller and Other Unknown Police Officers. Plaintiff also failed to object to the Magistrate Judge's recommendation that his request for punitive damages be dismissed as against the City. The Court identifies no error in that regard and also adopts that aspect of the Recommendation.

A.    **Dismissal of Plaintiff's Fourteenth Amendment Claims**

Magistrate Judge Shaffer recommended dismissing Claim Three in the FAC against Defendant Cherry on the grounds that Judge Brimmer's Previous Order only granted Plaintiff permission to file a Fourteenth Amendment claim against the City. (ECF No. 134 at 3.) Plaintiff objects to the Recommendation and offers a different interpretation of the Previous Order,

---

[2] In his Objection, Plaintiff requests that the "Court again consider seeking volunteer counsel to represent the Plaintiff in this action." (ECF No. 136 at 6.) Plaintiff's request is not in the correct procedural posture, and is therefore denied. D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document.").

arguing that the Previous Order allowed Plaintiff to assert a due process claim relating to the

impoundment and sale of his truck, but did not limit that claim exclusively to one against the

City.  (ECF No. 136 at 2-3.)

The Court agrees with the Recommendation that the *operative sentence* in the Previous

Order gave Plaintiff permission solely to plead "a due process claim against the City of Colorado

Springs relating to the sale of his truck."  (ECF No. 96 at 7.)  As the Previous Order did not grant

Plaintiff leave to file due process claims relating to the sale of his truck against Defendant

Cherry, Claim Three alleging Fourteenth Amendment due process claims against Defendant

Cherry is properly dismissed.[3]

### B.      Plaintiff's Request for Punitive Damages

Magistrate Judge Shaffer recommended that Plaintiff's request for punitive damages as

against Defendant Evans be dismissed on the grounds that "Mr. Hampton does not set forth any

specific allegations regarding the conduct of Defendant Evans that can support a claim for

punitive damages." (ECF No. 134 at 5.)  In his objection, Plaintiff argues that his pleadings

contained sufficient allegations to support his claim for punitive damages.  (ECF No. 136 at 3-6.)

---

[3] Even if the Previous Order were susceptible to an interpretation that would permit Plaintiff to bring a due process claim against the individual defendants, this claim must still fail because Plaintiff does not allege that a meaningful post deprivation remedy was unavailable.  *See Walker v. Wegener*, No. 11-cv-03238-PAB-KMT, 2012 WL 4359365, at *20 (D. Colo. Aug. 30, 2012) (noting that the "Tenth Circuit requires a plaintiff to plead that [state law] remedies are inadequate to survive a 12(b)(6) motion" and finding that "Plaintiffs had adequate state law remedies, such as a conversion or replevin claim, to recover the property that was allegedly improperly taken from them") (internal citations omitted); *See also Barwick v. Whitman*, No. 11-cv-00355-BNB, 2011 WL 2938141, at *3 (D. Colo. July 20, 2011) (dismissing due process claim against officers who seized plaintiff's car upon his arrest and then sold it at auction without notice because plaintiff failed "to allege that a meaningful post deprivation remedy was unavailable").

Plaintiff points to the specific allegations in the FAC that Officer Evans performed a search of

Plaintiff's person in public, in front of Plaintiff's home "as business owners, their customers,

plaintiff's neighbors and their children looked on . . ." and that Officer Evans "pulled plaintiff's

pants down to his ankles also bring[ing] down plaintiff's underwear exposing plaintiff's genital

and buttocks area." (ECF No. 136 at 5 (quoting ECF No. 120 at 6)). Plaintiff alleges this

Defendant acted "[m]aliciously, willingly, knowingly, intentionally, with deliberate indifference,

reckless disregard . . . ." (ECF No. 120 at 6.)

Punitive damages are only available in a Section 1983 action when "the defendant's

conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983);

*Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) (same). Determining whether a defendant

acted with the requisite intent "requires an assessment of [the defendant's] subjective state of

mind." *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989) (emphasis omitted). One

case in this district has held the fact that a search was conducted in the presence of non-

governmental officials was sufficient to preserve a claim for punitive damages. *Shapiro v. Falk*,

No. 13-cv-3086-WJM-KMT, 2014 WL 4651952, at *10 (D. Colo. Sept. 18, 2014) (declining to

dismiss claims for punitive damages where strip search was conducted in a group setting without

privacy screens); *see also United States v. Broadway*, 580 F. Supp. 2d 1179, 1185 ("The Tenth

Circuit has held that a strip search must be conducted in private unless there exists a rational

security basis for conducting the search in a public place.") (citing *Farmer v. Perrill*, 288 F.3d

1254, 1260 (10th Cir. 2002)). Another case in this district has held that a claim for punitive

damages relating to a strip search would be improperly dismissed as premature at the motion to

8

dismiss stage. *Harvey v. Segura et al.*, No. 13-cv-01574-RBJ-BNB, 2014 WL 4057043, at *8 (D. Colo. Aug. 14, 2014).

While the Court recognizes the correctness of the Magistrate Judge's characterization of the allegations of Evans' mental state as "conclusory" (ECF No. 134 at 5), the Court is reluctant in light of other allegations to dismiss the punitive damages claim at this juncture. The Court concludes that there are sufficient allegations to create an adequate inference that Evans acted with the requisite intent to allow for the imposition of punitive damages. The Court, upon its *de novo* review, therefore holds that Plaintiff has sufficiently alleged that Defendant Evans acted with either an "evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others" in conducting his search. *Smith*, 461 U.S. at 56.

IV.    **CONCLUSION**

Based on the foregoing, it is ORDERED that:

1.  Plaintiff's objections to the Recommendation (ECF No. 136, ECF No. 141) are OVERRULED, in part, SUSTAINED, in part;

2.  The Recommendation of United States Magistrate Judge (ECF No. 134) is adopted in part and rejected in part, to wit, the Court:

    a.  REJECTS the Recommendation to the extent it recommends the dismissal of Plaintiff's request for punitive damages as against Defendant Evans;

    b.  APPROVES AND ADOPTS the Recommendation to the extent that it

        i.  dismisses Plaintiff's Claims One, Three and Five and Defendants Cherry, Nelson, Miller, and Other Unknown Police Officers; and

      ii.  dismisses Plaintiff's request for punitive damages as against the City of Colorado Springs;

3.  Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 125) is granted, in part, and denied, in part, to wit, the Court:

      a.  GRANTS Defendants' motion to the extent it seeks to dismiss Plaintiff's Section 1983 claims against Defendants Nelson and Cherry and Plaintiff's request for punitive damages against the City of Colorado Springs;

      b.  DENIES Defendants' motion to the extent it seeks to dismiss Plaintiff's request for punitive damages against Defendant Evans, and Plaintiff's request for punitive damages against Defendant Evans remains before the Court.

DATED this 20th day of March, 2015.

                       BY THE COURT:

                       _____

                       RAYMOND P. MOORE
                       United States District Judge